IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SCOTT E. CASEY et al., § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | Civil Action No. 3:11-cv-3043-O |
| § | |
| TOYOTA MOTOR SALES, U.S.A., INC. § | |
| et al., § | |
| § | |
| Defendants. § | |
| § | |

## ORDER

Before the Court is Defendants' Motion for Judgment as a Matter of Law (ECF No. 159), filed September 23, 2013. Having considered the motion, the Court finds that it should be **GRANTED in part.**

**I.     BACKGROUND**

The parties began trial on September 19, 2013, and Plaintiffs rested their case on September 23, 2013. After Plaintiffs rested their case, Defendants moved for judgment as a matter of law on all of Plaintiffs' claims.[1] *See generally* Defs.' Mot. J. Matter Law, ECF No. 159. On September 23, 2013, the parties agreed on, and the Court granted, Defendants' Motion for Judgment as a Matter of Law as to Plaintiffs' claims for misrepresentation, marketing defect, defects in the roof structure,

---

[1] Plaintiffs' claims were: (1) misrepresentation; (2) marketing defect; (3) manufacturing and design defect relating to the seat belt system; (4) manufacturing and design defect relating to the roof structure; (5) manufacturing and design defect relating to the handling and stability of the vehicle; (6) manufacturing and design defect relating to the window glazing; (7) manufacturing and design defect relating to the braking system; (8) manufacturing and design defect relating to the side curtain shield airbags (9) and gross negligence. *See generally* Defs.' Mot. J. Matter Law, ECF No. 159; Pls.' 4th Am. Compl., ECF No. 32.

defects in the handling and stability of the vehicle, and defects in the window glazing. *See* Pls.' Stipulation of Dismissal 1, ECF No. 160. The Court deferred ruling on Defendants' motion relating to Plaintiffs' claims for defective seat belt system and braking system, and gross negligence. The Court also granted Defendants' Motion for Judgment as a Matter of Law on Plaintiffs' manufacturing and design defect claims relating to the side curtain shield airbags.

## II.     LEGAL STANDARD

Judgment as a matter of law is appropriate if "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1). A movant is entitled to judgment as a matter of law if "the facts and inferences point so strongly and overwhelmingly in the movant's favor that reasonable jurors could not reach a contrary conclusion." *Muth v. Ford Motor Co.*, 461 F.3d 557, 561 (5th Cir. 2006) (internal quotations omitted) (citing *Flowers v. S. Reg'l Physician Servs., Inc.*, 247 F.3d 229, 235 (5th Cir. 2001)); *see also Homoki v. Conversion Servs., Inc.*, 717 F.3d 388, 395 (5th Cir. 2013). The court must review all of the evidence in the record and should "give credence to the evidence favoring the nonmovant as well as that evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses." *Garcia v. Hackman*, No. 12-40204, 2013 WL 4842000, at *1 (5th Cir. Sept. 12, 2013) (internal quotations omitted) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 503 U.S. 133, 151 (2000); *Brennan's Inc. v. Dickie Brennan & Co.*, 376 F.3d 356, 362 (5th Cir. 2004)).

## III.     DESIGN DEFECT: SIDE CURTAIN AIRBAG

To establish a design defect, a claimant must prove by a preponderance of the evidence that there was a safer alternative design. Tex. Civ. Prac. & Rem. Code Ann. § 82.005(a)(1). Texas law defines a "safer alternative design" as a design that in reasonable probability:

> (1) would have prevented or significantly reduced the risk of the claimant's personal injury . . . or death without substantially impairing the product's utility; and
> (2) was economically and technologically feasible at the time the product left the control of the manufacturer . . . by the application of existing or reasonably achievable scientific knowledge.

*Id.* § 82.005(b). Plaintiffs' expert, Dr. David Renfroe, submitted a supplemental expert report[2] that proposed alternative designs for the side curtain shield airbag of the vehicle involved in this case, which served as the basis of Plaintiffs' claim that a safer alternative design existed for the side curtain airbag. *See* Defs.' App. Supp. Mot. Limine Ex. 1 (Renfroe's Supplemental Response), App. 124-29, ECF No. 93-1.[3] Dr. Renfroe's report discussed three patent applications as alternative

---

[2] Dr. Renfroe submitted his initial expert report on July 6, 2012. *See* App. Supp. Pls.' Objection Defs.' Mot. Limine Ex. E (Dr. Renfroe's July Report), App. 1, ECF No. 113-2. Dr. Renfroe's report discussed how Ms. Casey's head "[got] between the airbag and the ground." *See id.* at 23. Dr. Renfroe proposed two alternative designs, but merely stated that both designs "were economically and technologically feasible . . . since the all-belts-to-seat design has been incorporated into other vehicles . . . and the bifurcated side air bag would not require any new technology." *Id.* at 24. However, Dr. Renfroe did not provide any additional information about his proposed alternative designs. Dr Renfroe's August 21, 2012 report contains an identical discussion of alternative designs for the side curtain shield airbags. *See* App. Supp. Pls.' Objection Defs.' Mot. Limine Ex. F (Dr. Renfroe's August Report), App. 23-24, ECF No. 113-3. Dr. Renfroe provided his Supplemental Report in November after he received the expert reports of Dr. Catherine Corrigan and Ms. Karen Balavich. *See* App. Supp. Defs.' Mot. Limine Ex. 1 (Dr. Renfroe's November Report), App. 125, ECF No. 93-1.

[3] Prior to trial, Defendants submitted a motion in limine asking the Court to prevent Plaintiffs' experts from offering testimony regarding their proposed alternative designs for the side curtain shield airbag. *See* Defs.' Mot. Limine 6, ECF No. 92. Defendants asserted that Plaintiffs' experts failed to identify any alternative designs for the airbag that were economically and technologically feasible and that would have prevented Ms. Casey's death. *See id.* at 6-7. Plaintiffs objected to the motion. The Court determined that Defendants' motion was more appropriate for a *Daubert* evidentiary hearing, rather than a pretrial motion in limine, and allowed Plaintiffs' experts to testify. *See Hughes v. Int'l Diving & Consulting Servs. Inc.*, 68 F.3d 90, 92-93 (5th Cir. 1995) (discussing trial court's "reserv[ing] judgment on the admissibility of [expert's] testimony until the time of trial"); *see also Chan v. Coggins*, 294 F. App'x 934, 937-38 (5th Cir. 2008) (citing *Moore v. Ashland Chemical Inc.*, 151 F.3d 269, 277 (5th Cir. 1998)) (noting that district court may strike expert testimony if it concludes "that there is simply too great an analytical gap between the data and the opinion proffered"); *Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 341 (5th Cir. 1999) (at conclusion of expert's testimony at trial district court ruled expert's testimony was "irrelevant" and excluded his testimony). At trial, Defendants renewed their objections to Plaintiffs' experts and Defendants, in addition for their Motion for Judgment as a Matter of Law, moved to strike Dr. Renfroe's testimony.

designs, but he only discussed one patent application during his live testimony at trial.

After Plaintiffs rested, the Court found that Plaintiffs failed to establish the availability of a safer alternative design and granted Defendants' Motion for Judgment as a Matter of Law on Plaintiffs' design defect claim relating to the side curtain shield airbag. *See Smith v. Louisville Ladder Co.*, 237 F.3d 515, 520 (5th Cir. 2001) (noting that the requirement that plaintiff establish a safer alternative design "applies to all products liability actions"); *Dyer v. Danek Med., Inc.*, 115 F. Supp. 2d 732, 738 (N.D. Tex. 2000) (citing *Hernandez v. Tokai Corp.*, 2 S.W.3d 251, 256 (Tex. 1999)) (The Texas Supreme Court has confirmed that "the availability of a safer alternative design . . . [is] a requisite element of a cause of action for defective design."). The Court, relying on *Hodges v. Mack Trucks, Inc.*, 474 F.3d 188, 196-97 (5th Cir. 2006), found that Plaintiffs failed to "provide[] the analysis required" and failed to "conduct[] the requisite risk-utility analysis" to establish that a reasonable alternative design existed. In *Hodges*, the Fifth Circuit stated that an expert's reliance on patents was sufficient to establish a safer alternative design to avoid judgment as a matter of law because the expert examined hundreds of patents and then analyzed and tested how the possible alternative designs performed compared to the design at issue. *See id.*

Here, the Court found that Plaintiffs' experts failed to conduct any testing, analysis, or evaluation of the patents and presented no evidence that the patents were workable designs, and relied instead on the theory that the patents were already tested by the patent applicants, which is an insufficient basis to establish the existence of a safer alternative design. *See Brochtrup v. Mercury Marine*, 426 F. App'x 335, 339 (5th Cir. 2011) (citing *Gen. Motors Corp. v. Sanchez*, 997 S.W.2d 584, 592 (Tex. 1999)) (noting that the Texas Supreme Court has held that a plaintiff is required "to prove that the alternative design was 'capable of being developed'" and presenting evidence of costs associated with building and implementing alternative design was sufficient to avoid judgment as

a matter of law); *Hendricks v. Ford Motor Co.*, No. 4:12cv71, 2012 WL 7958760, at *1 (E.D. Tex. Oct. 15, 2012) ("Patents are generally only admissible as evidence of safer alternative design . . . when there is additional evidence or testimony to support that the patents have been tested and analyzed and are in fact safer alternative designs that are workable in the industry."); *Riley v. Ford Motor Co.*, No. 2:09-cv-148-KS-MTP, 2011 WL 2728266, at *6 (S.D. Miss. July 12, 2011) (discussing expert's analysis of safer alternative design, including examining patents and technical specifications for vehicles in production and performing surrogate study on another vehicle); *Gen. Motors Corp. v. Harper*, 61 S.W.3d 118, 126 (Tex. App.–Eastland 2001, pet. denied) (noting that patents constituted "no evidence of . . . a safer alternative design" because nothing in the patents compared the safety of the patents with the design at issue). After allowing Plaintiffs an opportunity to present their design defect claim to the jury, the Court found that there was no legally sufficient evidentiary basis for a reasonable jury to have found for Plaintiffs on the design defect claim because Plaintiffs failed to establish that a safer alternative design existed for the side curtain shield airbag, which is an essential element of a design defect claim. *See* Fed. R. Civ. P. 50(a)(1); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 82.005(a)(1), (b); *Dyer*, 115 F. Supp. 2d at 738. Therefore, the Court granted Defendants' Motion for Judgment as a Matter of Law on Plaintiffs' design defect claim relating to the side curtain shield airbag.

## IV.    MANUFACTURING DEFECT: SIDE CURTAIN SHIELD AIRBAG

The Court also granted Defendants' Motion for Judgment as a Matter of Law on Plaintiffs' manufacturing defect claim relating to the side curtain shield airbag. To establish a manufacturing defect, Plaintiffs must present evidence showing that the product "deviates, in its construction or quality, from the specifications or planned output in a manner that renders it unreasonably dangerous." *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004) (citing *Torrington Co.*

*v. Stutzman*, 46 S.W.3d 829, 844 (Tex. 2000); *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 434 (Tex. 1997)); *see also Bryant v. Giacomini, S.p.A.*, 391 F. Supp. 2d 495, 499 (N.D. Tex. 2005). The applicable federal safety standards and regulations did not require Defendants to include the side curtain shield airbags in the vehicle and Plaintiffs failed to present any evidence establishing that the inclusion of the side curtain shield airbags, even if defective, rendered the vehicle "unreasonably dangerous."[4]  *See Ridgway*, 135 S.W.3d at 600.

Plaintiffs failed to offer evidence establishing that the side curtain shield airbags did not conform to Toyota's plans and specifications or that the nonconformance made the vehicle unreasonably dangerous. *See Bryant*, 391 F. Supp. 2d at 499 (Defendants were entitled to judgment as a matter of law on plaintiffs' manufacturing defect claim because plaintiffs failed to "point to the existence of a nonconformance with the plan that made the [product] unreasonably dangerous."). Plaintiffs' only attempt to assert a nonconformity in the side curtain shield airbag was the deposition testimony of Motoki Shibata, an engineer at Toyota, that the side curtain shield airbag, which was supposed to stay inflated for six seconds, deflated after about two seconds during the rollover. *See* Defs.' Mot. J. Matter Law 12, ECF No. 159.  Mr. Shibata stated in his deposition that the airbag was "designed to maintain the bag pressure for *approximately* six seconds," but there was no uniform design specification for how long the airbag should stay inflated, which varied depending on the type of collision. *See id.* (quoting Mr. Shibata's deposition testimony).  Plaintiffs offered no evidence of a specification for the airbag that required it to stay inflated for six seconds or evidence that the airbag on Ms. Casey's Highlander deviated from those specifications. *See Bryant*, 391 F. Supp. 2d

---

[4] Plaintiffs noted that the presumption that a manufacturer is not liable for any injury caused by some aspect of the design that complies with mandatory federal safety standards and regulations is rebuttable. *See* Tex. Civ. Prac. & Rem. Code Ann § 82.008(a), (b).  However, this presumption does not apply to manufacturing defect claims. *See id.* at § 82.008(d) ("This section does not extend to manufacturing . . . defects . . . .").

at 499 (stating that plaintiff claiming a manufacturing defect must prove that the product did not conform to the manufacturer's specifications and that the nonconformance made the product unreasonably dangerous). The Court found that Plaintiffs failed to present any evidence that the airbag "deviate[d] . . . from the specifications or planned output in a manner that render[ed] it unreasonably dangerous" and, therefore, the Court found that Defendants were entitled to judgment as a matter of law. *See Ridgway*, 135 S.W.3d at 600.

## V.     CONCLUSION

Accordingly, it is **ORDERED** that Defendants' Motion for Judgment as a Matter of Law (ECF No. 159) is **GRANTED** with respect to Plaintiffs' manufacturing and design defect claims relating to the side curtain shield airbag. It is further **ORDERED** that, based on the agreement between the parties, Defendants' Motion for Judgment as a Matter of Law is **GRANTED** on Plaintiffs' misrepresentation claim, manufacturing and design defect claims relating to the roof structure, manufacturing and design defect claims relating to the handling and stability of the Highlander, and the manufacturing and design defect claims relating to the window glazing. The remaining claims are **DISMISSED without prejudice** under the parties' Stipulation of Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). *See* Stipulation of Dismissal, ECF No. 160.

**SO ORDERED** on this **25th day** of **September, 2013**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**